# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GARY ALFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-13-1256-HE |
| | ) | |
| TRACY MCCOLLUM, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Gary Alford, a state prisoner appearing *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the petition be denied.

On November 6, 2009, Petitioner was arrested after a traffic stop for driving under the influence of drugs. His car was inventoried after his arrest and he later was charged with unlawful possession of a controlled drug with the intent to distribute (count 1), possession of a controlled substance (count 2), driving a motor vehicle while under the influence of an intoxicating substance (count 3) and unlawful possession of drug paraphernalia (count 4). At the conclusion of a jury trial at which he represented himself, petitioner was found guilty on all four counts. The jury also found petitioner had committed the possession with intent to distribute offense after two or more previous felony convictions. On March 3, 2011, the district court sentenced petitioner to a twenty term of imprisonment on count one and one year terms of imprisonment on counts two through four, all to be served consecutively.

Petitioner appealed his convictions, raising only one issue, that the state magistrate

erred in refusing to appoint counsel for him prior to his preliminary hearing and that the coercive effect of that error rendered his subsequent waiver of counsel ineffective, as it was involuntary. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence of the district court in a summary opinion. In rejecting petitioner's claim, the court stated:

> [T]he preliminary hearing magistrate likely did not improperly deny [Petitioner's] request for court-appointed counsel as he admitted that he had some income. However, even if [Petitioner] was entitled to court-appointed counsel at preliminary hearing, the denial of his request was harmless beyond a reasonable doubt as there was no prejudice resulting from a denial of counsel at this proceeding. *See* Norton v. State, 2002 OK CR 10, 43 P.3d 404. While the status of [Petitioner's] indigency was somewhat unclear at preliminary hearing, it was not at the time of trial. The record strongly indicates [Petitioner] was not indigent at the time of trial. [Petitioner] admitted to the trial court prior to trial that he had a job, owned a ranch and had received some insurance money. Accordingly, the trial court's decision to appoint counsel to represent [Petitioner] at trial based upon an outdated pauper's affidavit and in disregard of strong evidence indicating that [Petitioner] was not indigent did not present [Petitioner] a "Hobson's choice" between representing himself and being represented by unprepared counsel. [Petitioner] was thoroughly and repeatedly advised of the dangers and disadvantages of self-representation. He had the means to hire a lawyer and did so before [he] fired his attorneys and strongly asserted his right to represent himself. He proceeded to trial pro se where he was assisted by stand-by counsel to whom he was not entitled. [Petitioner] was not denied his constitutional right to counsel at trial.

Doc. #13-3, pp. 2-3.

Petitioner next sought post-conviction relief, claiming his appellate counsel was ineffective because he failed to challenge on appeal the traffic stop that led to petitioner's initial arrest. He contended the stop that resulted in the search of his vehicle was pretextual, evidenced by the fact that he was never charged with the underlying traffic violation –

2

driving too slowly. The district court denied petitioner's application and the OCCA affirmed the denial. In its decision the appellate court noted that petitioner had "represented himself at trial, assisted by stand-by counsel, despite being thoroughly and repeatedly warned of the dangers and disadvantages of self representation." Doc. #13-9, p. 5.

In his federal habeas petition petitioner asserts four grounds for relief. In ground one he claims the state court forced him to waive his right to appointed counsel, requiring him to represent himself in violation of his Sixth Amendment rights. In ground two he claims his appellate counsel was ineffective for not challenging his trial counsel's failure to move to suppress evidence obtained as a result of the traffic stop. In ground three he claims he was denied the right to confront witnesses because one of the officers involved in the traffic stop did not testify at his trial. In ground four he claims there was insufficient evidence to convict him of the crime of driving under the influence of marijuana.

The magistrate judge concluded petitioner procedurally defaulted the claims asserted in grounds three and four of the petition but that, if considered on their merits, the claims should nonetheless be denied. He applied the deferential AEDPA[1] standard of review to the claims raised in grounds one and two, as the OCCA considered and denied those claims on their merits. The magistrate judge determined petitioner was not entitled to habeas relief on either his Sixth Amendment right to counsel claim asserted in ground one or his Sixth Amendment right to effective assistance of appellate counsel claim asserted in ground two.

---

[1]*Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1).*

Petitioner has filed an objection to the Report and Recommendation raising only one issue. He argues the magistrate judge failed to address the fact that the state court never determined his "true economic status" at his preliminary hearing. Doc. #32, p. 3. *See* Doc. #34, Motion to Take Judicial Notice ("That the question of Petitioner's indigence at the preliminary hearing was never clearly determined.").

Petitioner is incorrect. There was nothing for the magistrate judge to address because the OCCA explicitly recognized, citing <u>Norton v. State</u>, 43 P.3d 404 (Okla. 2002), [2] that even if a mistake had been made by the state magistrate at the preliminary hearing regarding petitioner's income and his possible right at that time to court-appointed counsel, it was harmless error.[3] That decision was not contrary to, or [did not] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). *See* <u>United States v. Lott</u>, 433 F.3d 718, 723 (10th Cir. 2006) (noting that in <u>Coleman v. Alabama</u>, 399 U.S. 1 (1970) the Supreme Court "concluded that the denial of counsel at a preliminary hearing was subject to harmless error review.").[4]

---

[2] "A state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [the Supreme Court's] opinions." <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003) (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam)).

[3] "A constitutional error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." <u>Mitchell</u>, 540 U.S. at 17-18 (internal quotations omitted).

[4] This is not a situation where petitioner was denied the right to counsel throughout the entire trial. As the magistrate judge details in his Report and Recommendation, the record reflects petitioner retained at least two attorneys and either fired them or they quit, stated at

4

Having conducted the required *de novo* review the court agrees with the magistrate judge that petitioner is not entitled to habeas relief. Accordingly, the court **ADOPTS** Magistrate Judge Purcell's Report and Recommendation and **DENIES** the habeas petition. Petitioner's motion for an evidentiary hearing [Doc. #35] and motion for the court to take judicial notice of crucial facts [Doc. #34] are **DENIED**. The court also **DENIES** a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 8th day of January, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*times he wanted to proceed pro se, was appointed an attorney for his trial and ultimately waived counsel, deciding to represent himself.*